IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TYSON YELLOWBEAR,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | ORDER AND MEMORANDUM DECISION DENYING PETITIONER'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2255<br><br>Case No. 2:16-CV-00740-TC<br>              2:14-CR-00385-TC<br><br>Judge Tena Campbell |

Mr. Yellowbear pled guilty to being a felon in possession of a firearm. Because he had previously committed at least two "crimes of violence" as defined by the then-current version of the United States Sentencing Guidelines (Guidelines), Mr. Yellowbear's recommended sentence was enhanced. Mr. Yellowbear petitioned the court to vacate his sentence, arguing that the Guidelines enhancement was unconstitutional under the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). However, not long after Mr.

Yellowbear filed his petition, the Supreme Court held in Beckles v. United States that the ruling in Johnson does not apply to the Guidelines. 137 S. Ct. 886, 897 (2017). Because Johnson does not apply to the Guidelines, the court dismisses Mr. Yellowbear's petition.

## BACKGROUND

Mr. Yellowbear pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His presentence report considered two of his prior convictions as "crimes of violence" under the Guidelines. These prior convictions increased the recommended sentencing range under the Guidelines. However, the court sentenced Mr. Yellowbear below the range suggested by the Guidelines.

In 2015, the Supreme Court ruled in Johnson v. United States that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. 135 S. Ct. 2551 (2015). Under the ACCA, a felon convicted of possessing a firearm is subject to a fifteen-year mandatory minimum sentence when he has three prior convictions for either a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e). Before the Court's decision in Johnson, the ACCA contained a "residual clause" which defined violent felonies to include

2

crimes that "involve[] conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B)(ii).

Like the ACCA, the Guidelines provide enhancements for crimes constituting a "crime of violence." Mirroring the residual clause's definition provided under the ACCA, section 4B1.2(a)(2) of the Guidelines defines a "crime of violence" to include a crime that "involves conduct that presents a serious potential risk of physical injury to another." After Johnson, the Tenth Circuit held in United States v. Madrid that the Guidelines' residual clause is also unconstitutionally vague. 805 F.3d 1204, 1210 (10th Cir. 2015).

Citing to the Supreme Court's ruling in Johnson, and the Tenth Circuit's ruling in Madrid, Mr. Yellowbear filed a petition under 28 U.S.C. § 2255, asking the court to vacate his sentence and resentence him without the Guidelines' residual clause. Though Mr. Yellowbear argued both that his attorney provided constitutionally deficient counsel and that his sentence was miscalculated, both arguments were based on Johnson's retroactive application to the Guidelines.

Shortly after Mr. Yellowbear filed his petition, the Supreme Court decided Beckles v. United States. 137 S. Ct. 886 (2017). There, the Court overturned Madrid and unequivocally ruled that "the Guidelines are not subject to a

3

vagueness challenge under the Due Process Clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." Id. at 892.

Citing to Beckles, the Government filed a motion to dismiss Mr. Yellowbear's petition.

## **ANALYSIS**

Mr. Yellowbear's petition raises two arguments, both based explicitly on Johnson's application to the Guidelines. First, Mr. Yellowbear contends that his attorney gave constitutionally ineffective assistance by failing to argue that the Guidelines' residual clause is void for vagueness. Second, Mr. Yellowbear asserts that Johnson applies to the Guidelines and, consequently, his range for sentencing was calculated incorrectly.

Here, the Supreme Court's decision in Beckles forecloses both of Mr. Yellowbear's arguments. First, Mr. Yellowbear's counsel was not deficient: Beckles rejects the very argument Mr. Yellowbear alleges his counsel should have made. Id. An attorney does not provide ineffective assistance by failing to bring a meritless argument. See Strickland v. Washington, 466 U.S. 668, 687–88 (1984) (holding that ineffective-assistance-of-counsel claims require a showing that counsel's performance "fell below an objective standard of reasonableness").

Second, Mr. Yellowbear's claim that his Guideline range was calculated incorrectly explicitly fails under <u>Beckles</u>. By holding that the Guidelines' residual clause is not void for vagueness, the Supreme Court upheld the basis for Mr. Yellowbear's Guidelines' calculation. Accordingly, both of Mr. Yellowbear's claims fail as a matter of law.

## **ORDER**

For the reasons discussed, the Court GRANTS the Government's motion to dismiss (ECF No. 24).

DATED this 27th day of April, 2017.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge